**GEORGE E. WESTBERG COMPANY, Inc., Plaintiff-Appellant,**

v.

**The QUAKER OATS COMPANY and Burry Biscuit Corporation, Defendants-Appellees.**

**No. 121, Docket 27708.**

United States Court of Appeals Second Circuit.

Argued Nov. 13, 1962.

Decided Nov. 27, 1962.

**26**

---

Day, Epworth, Plaskow & Lawrence, New York City (Francis E. Koch, New York City, of counsel), for plaintiff-appellant.

Breed, Abbott & Morgan, New York City (Charles H. Tuttle, New York City, of counsel), for defendants-appellees.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a summary judgment dismissing its claim for compensation, allegedly due upon an implied contract, for services allegedly rendered to the defendant Burry Biscuit Corporation. Plaintiff claims to have provided, at Burry's request, the opportunity for a sale of Burry's business and assets to the defendant The Quaker Oats Company. Although The Quaker Oats Company is joined as a party defendant, plaintiff concedes upon this appeal that any claim it has against Quaker is dependent upon its primary claims against Burry, and must be dismissed if the claims against Burry fail.

All of the contacts between the parties were contained in a series of letters, set forth in the affidavits accompanying defendants' motion for summary judgment. The plaintiff submitted no counter-affidavits. From the affidavits and the letters submitted by the defendants, the accuracy, authenticity, and completeness of which are not denied, the court below properly found no triable issue of fact from which a jury could properly find Burry obligated to pay for the services which the plaintiff purported to render. Moreover, in view of the lapse of two and a half years between the plaintiff's most significant letter (which did nothing

more than suggest The Quaker Oats Company as a potential buyer) and the consummation of negotiations between Burry and The Quaker Oats Company, there was no showing that the plaintiff rendered any compensable services. Such being the fact it would appear that New York would deny recovery to the plaintiff. See Sibball v. Bethlehem Iron Co., 83 N.Y. 378 (1881). See also Veatch v. Standard Oil Co., 49 F.Supp. 45 (S.D. N.Y.1940), aff'd on opinion below, 134 F.2d 173 (2 Cir. 1943).

The judgment of the court below is affirmed.